# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No. 09-40672 c/w 09-41277
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRE DONNELL ROUTT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CR-12-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andre Donnell Routt, federal prisoner # 60985-079, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine and the denial of his motion for extension of time in which to file an appeal. He was convicted in 1994 of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and was sentenced to life imprisonment. By moving to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP, Routt is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Routt argues that the district court erred in finding that he was ineligible for a reduction in his offense level pursuant to the amendments to the crack cocaine guidelines. Routt also argues that the holding of *Booker* should be applicable in his § 3582(c)(2) proceeding. Routt further contends that the court erred in determining that his notice of appeal was not timely filed.

This court reviews the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). In the instant case, the court determined that the amount of powder cocaine for which Routt was held responsible prevented the applicability of the amendments to the crack cocaine guidelines. This decision was correct. Routt was responsible for 150 kilograms of cocaine, which results in a base offense level of 38, the maximum base offense level. *See* U.S.S.G. § 2D1.1(c)(1). Therefore, he was not entitled to a reduction in his offense level under Amendments 706 or 715. *See* § 2D1.1, comment. (n.10(D)(ii)(II)). Additionally, the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010).

Routt's challenge to the finding that his notice of appeal was not timely filed is mooted by the district court's determination on remand that the late filing was due to excusable neglect and that his notice of appeal was timely.

Routt has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.